IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-40409

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLANDO VENTURA COK,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-95-CR-212-1

---

November 21, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rolando Ventura Cok appeals his sentence for violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), possession of a firearm by a convicted felon. He argues that there was not a sufficient factual basis for the district court to impose a four-level increase to his base offense level under U.S.S.G. § 2K2.1(b)(5). The court found that the four-level increase applied to Cok because he had

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

committed the felony of aggravated assault by pointing the gun at Connie Reyna and threatening to shoot her.

We cannot say that the district court committed any clear error at sentencing. "The defendant bears the burden of demonstrating that information the district court relied on in sentencing is materially untrue." United States v. Vela, 927 F.2d 197, 201 (5th Cir.) (internal quotations and citations omitted), cert. denied, 502 U.S. 875 (1991). The testimony was sufficient for the court to conclude by a preponderance of the evidence that Cok did in fact commit an aggravated assault. See United States v. Angulo, 927 F.2d 202, 205 (5th Cir. 1991).

Claudia Soliz, Reyna's sister, testified that Cok took the gun out of his jacket during an argument with Reyna and threatened her. Both ATF Agent Gary Mozey and Officer Alvaro Benavides testified that Reyna, who has since died, told them the same story on separate occasions. The district court entertained Cok's denials that he assaulted Reyna, but it ultimately discredited Cok's account because it doubted his credibility.

Cok has attempted to meet his burden by pointing out several inconsistencies in Soliz's account of his argument with Reyna. He argues, for example, that Reyna made no mention of a firearm when she called the police to complain about Cok's behavior. He observes that the police inventory of Cok's clothing did not include a jacket. And he notes that although Soliz claims that Reyna called the police after she left Reyna's house, the police

telephone records show that the call occurred before the time that Soliz claims she left the house.

But Cok's arguments do not go so far as to establish that the district court erred in finding that the assault took place. The court found it plausible that Reyna did not mention the firearm during her phone conversation with police because of fear. Similarly, Cok could have taken the jacket off before police apprehended him, and Soliz's memory of the exact time she left the house could be murky. Cok's other arguments to undermine Soliz's testimony are no more convincing. The court had sufficient reason to credit the direct testimony of eyewitnesses and to accept the findings in the presentence investigative report. We will not disturb facts found by the trial court when there is adequate evidence in the record to support those facts.

AFFIRMED.